FILED

2017 APR 17  AM 8:57

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Stephen M. Romain, *on behalf of himself and others similarly situated*, | )<br>)<br>) Case No. 6:17-cv-690-ORL-40TBS |
| Plaintiff, | )<br>) CLASS ACTION COMPLAINT |
| v. | )<br>) Jury Trial Demanded |
| Global Travel International, Inc., | )<br>) |
| Defendant. | ) |

**Nature of this Action**

1. Stephen M. Romain ("Plaintiff") brings this class action against Global Travel International, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*   \*   \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

1

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b), as a portion of the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendant is headquartered and transacts business in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Austin, Texas.

7. Defendant is an entity headquartered in Maitland, Florida.

8. Defendant markets, *inter alia*, discount buying club memberships under the trade name Go Shop & Save, which may be found at GoShopandSave.com.

9. Defendant is the registered owner of the domain name GoShopandSave.com.

10. Defendant, through Go Shop & Save, advertises discounted shopping and cash rebates on everyday purchases such as clothing, dining, entertainment, gifts, electronics, and services in exchange for a monthly membership fee.

11. Defendant incentivizes membership by offering free trials and/or retail gift cards or vouchers, which often require initial processing fees.

## Factual Allegations

12. In or about January 2017, Plaintiff began receiving telephone calls from Defendant on his cellular telephone number ending in 2033.

13. During these calls, Defendant used a prerecorded message to offer Plaintiff a reward voucher to sign up for a Go Shop & Save club membership.

14. Defendant called Plaintiff's cellular telephone at least four times with the same or similar offer for one of its club memberships.

15. Defendant placed at least one call to Plaintiff's cellular telephone number on January 5, 2017, March 9, 2017, March 23, 2017, and March 24, 2017.

16. Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number.

17. On Defendant's first call to Plaintiff's cellular telephone, he answered the call and followed the automated instructions to remove his cellular number from Defendant's calling list.

18. Nevertheless, Defendant continued to place calls to Plaintiff's cellular telephone even after Plaintiff's request for it to stop calling.

19. Defendant placed its calls to Plaintiff's cellular telephone number from various telephone numbers, including (618) 857-3197, (518) 350-1013, (719) 849-4010, and (714) 687-8363.

20. Upon dialing phone numbers (618) 857-3197 and (714) 687-8363, the caller is greeted by a recorded message that states: "Hi, this is Julie with Reward Redemption. You recently visited one of our affiliate websites, and in appreciation, we have a $100 rebate voucher for you redeemable at popular stores like Walmart, Best Buy, Home Depot, and many more."

21. The recorded message goes on to provide instructions for how to receive more information or be removed from Defendant's calling list.

22. Upon dialing phone number (719) 849-4010, the caller is greeted by a similar recorded message, which states: "Congratulations. In appreciation of viewing one of our websites, we have a special gift for you. Please press 1 to claim your free gift, or press 5 to be removed."

23. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

24. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

25. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter*

*of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

26. Plaintiff is not, nor was, one of Defendant's customers.

27. Plaintiff does not have, nor had, a business relationship with Defendant.

28. Plaintiff did not provide Defendant with his cellular telephone number.

29. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

30. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

31. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

32. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

33. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number.

34. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls at issue to Plaintiff's cellular telephone number.

35. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

36. Plaintiff suffered actual harm as a result Defendant's calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

37. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

38. Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

39. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

### Class Allegations

40. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Global Travel International, Inc. placed calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification, (5) absent prior express consent—in that Global Travel International, Inc. made an unsolicited telemarketing call to the called party.

41. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

42. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

43. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

44. The members of the class are ascertainable because the class is defined by reference to objective criteria.

45. In addition, class members can be identified because, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records

maintained by Defendant and by third parties.

46. Plaintiff's claims are typical of the claims of the members of the class.

47. As it did for all members of the class, Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

48. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

49. Plaintiff's claims are based on the same theory as are the claims of the members of the class.

50. Plaintiff suffered the same injuries as each of the members of the class.

51. Plaintiff will fairly and adequately protect the interests of the members of the class.

52. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

53. Plaintiff will vigorously pursue the claims of the members of the class.

54. Plaintiff has retained counsel experienced and competent in class action litigation.

55. Plaintiff's counsel will vigorously pursue this matter.

56. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

57. Questions of law and fact common to the members of the class predominate over questions that may affect individual class members.

58. Issues of law and fact common to all members of the class include:

    a. Defendant's violations of the TCPA;

    b. The existence of Defendant's identical conduct;

    c. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

    d. The availability of statutory penalties.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

60. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

61. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

62. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

63. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

64. The damages suffered by each individual member of the class may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

65. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

66. There will be little difficulty in the management of this action as a class action.

67. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

68. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1 through 67.

69. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded voice to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

70. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Trial by Jury

71. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action;

   b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

   c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

   d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

   e) Enjoining Defendant from continuing to place telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone and to the cellular telephones of all class members without express consent;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: April 14, 2017

/s/ *Jesse S. Johnson*
Michael L. Greenwald
James L. Davidson
Jesse S. Johnson (Trial Counsel)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*